UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| SUELAN WAN, on behalf of herself and all other similarly situated consumers, <br><br> Plaintiff(s), <br><br> -vs- <br><br> RAUSCH STURM LLP and DISCOVER BANK <br><br> Defendants. | ) ) ) ) ) ) ) ) Case No.: 1:22-cv-21677-KMW ) ) ) ) ) ) |

**AMENDED CLASS ACTION COMPLAINT FOR DAMAGES**

COMES NOW, Plaintiff, SUELAN WAN, on her own behalf and on behalf of those similarly situated (collectively, "Consumers" or "Class Members"), by and through Undersigned Counsel, sues Defendants, RAUSCH STURM LLP ("Rausch") and DISCOVER BANK ("Discovery"), and alleges the following based on her personal knowledge as to the allegations regarding herself, and upon information and belief as to the other allegations:

1. Plaintiff seeks redress for the illegal practices of Defendants, RAUSCH STURM LLP and DISCOVER BANK, concerning the collection of debts, in violation of the Florida Consumer Collection Protection Act, Florida Stat. § 559.55 et *seq.* ("FCCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

**JURISDICTION AND IDENTIFICATION OF PARTIES**

2. This is a class action at law seeking monetary damages in an amount that exceeds $30,000.00, exclusive of interest, costs, and attorney's fees.

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and by virtue of the removal to federal court on or about June 1, 2022 (Doc. 1).

4. This Court has personal jurisdiction over Defendants pursuant to Florida's long-arm

statute. *See* Fla. Stat. §§ 48.193(1).

5. Florida's long-arm statute recognizes two kinds of personal jurisdiction over a nonresident defendant: specific jurisdiction and general jurisdiction and when a Plaintiff satisfies the long-arm statute's requirements for specific jurisdiction over a Defendant, there is no need to engage in the general jurisdiction analysis.

6. Under Florida's long-arm statute, a court may exercise specific personal jurisdiction over a nonresident defendant who engaged in one of the enumerated acts listed under Fla. Stat. § 48.193(1)(a).

7. Section 48.193(1)(a)(1) states a nonresident defendant may be subjected to the jurisdiction of a court in Florida for either "[o]perating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state." Fla. Stat. § 48.193(1)(a)(1).

8. Defendants' conduct in this Action triggers the necessary prong of Florida's long-arm jurisdiction because Defendants are engaged in substantial and not isolated activity within this State by targeting Florida consumers.

9. Defendants are debt collectors under the FCCPA and regularly conduct business in the State of Florida, where they specifically target Florida citizens, such as Plaintiff.

### A. The Parties

10. That all material hereto, Plaintiff, Suelan Wan, was a resident and citizen of Broward County, Florida, and of this district, is over the age of eighteen (18) years, and otherwise *sui juris*.

11. Defendant, RAUSCH STURM LLP ("RAUSCH"), is a foreign for-profit corporation, incorporated in the State of Wisconsin, with its principal place of business located at 250 North Sunnyslope Road, Suite 300, Brookfield, WI 53005, and by and through its officers,

representatives, and agents, conducted and conducts business in Miami-Dade County, Florida.

12. Defendant, DISCOVER BANK ("DISCOVER"), is a foreign for-profit corporation, incorporated in the State of Delaware, with its principal place of business located at 502 East Market Street, Greenwood, DE 19950 and by and through its officers, representatives, and agents, conducted and conducts business in Miami-Dade County, Florida.

13. All conditions precedent to bringing this lawsuit have been met and/or waived.

## II. GENERAL ALLEGATIONS

14. Plaintiff is a consumer as that term is defined by Fla. Stat. § 559.95(8) and as defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

15. Defendant is a "debt collector" as that term is defined by Fla. Stat. §559.55(7) and by 15 U.S.C. § 1692a(6).

16. The alleged debt that Defendant sought to collect from Plaintiff is a consumer debt as defined by Fla. Stat. §559.55(6) and 15 U.S.C. § 1692a(5).

17. Defendants regularly engage, for profit, in the collection of alleged consumer debts. Discover is also the creditor concerning the underlying debt.

### A. Allegations Particular to Suelan Wan

18. Upon information and belief, on a date better known by Defendants, Defendants began to attempt to collect an alleged consumer debt from Plaintiff.

19. On or about December 1, 2021, Defendant RAUSCH sent Plaintiff a collection letter (hereinafter, "Letter") seeking to collect a balance allegedly incurred for personal purposes. The Letter is attached hereto as **Exhibit "A"** and incorporated by reference herein.

20. The Letter concerns an alleged debt that Plaintiff purportedly owes to Defendant

DISCOVER.

21. Defendant RAUSCH sent the Plaintiff a prior letter dated December 28, 2020.

22. The said December 28, 2020 letter did not identify the Defendant as a law firm.

23. Even though the Letter now identifies Defendant as a law firm, an attorney did not sign the said Letter.

24. When a consumer receives a collection letter from a law firm, the consumer is more intimidated than the receipt of a letter from a collection agency.

25. A letter from an attorney or law firm must be sent in a meaningful fashion.

26. An attorney at the firm must personally review the file.

27. The absence of an attorney's personal signature on the Letter suggests that the collection operation is without personal attention and knowledge by an attorney of each debtor's file.

28. The Letter's language violates 15 USC 1692e, 1692e(3) and 1692e(10).

29. By changing the Letter and adding that it is from an attorney or from a law firm, it changes the entity from which the Letter is sent.

30. Because the Letter represents that it is from a law firm and not from a collection agency, it is considered a new and different entity.

31. Upon information and belief, Defendant Discover failed to properly review the collection process of Defendant RAUSCH.

32. The Letter did not contain the required validation notice to dispute the debt.

33. The Letter further violates 15 USC 1692e, 1692e(10) and 1692g which specifically addresses the consumer's dispute rights contained in an initial letter.

34. Defendant RAUSCH used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

35. Defendant RAUSCH's communication was designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

36. Defendants violated Plaintiff's right to not be the target of deceptive debt collection communications.

37. Defendants violated Plaintiff's right to a truthful and fair debt collection process.

38. For purposes of the FCCPA, Defendant Discover, as the creditor, can be liable under the FCCPA, as the creditor.

39. Defendant RAUSCH, being a law firm, acts as the mouthpiece of the client, here being Defendant DISCOVER.

40. Defendant DISCOVER, as the creditor, is liable for the actions of Defendant RAUSCH.

41. Plaintiff suffered injury in fact by being subjected to Defendants' unfair and abusive practices.

42. Plaintiff suffered actual harm by being the target of Defendants' deceptive debt collection communications.

43. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The FDCPA functions to ensure that debt collectors provide all the necessary information to consumers so that consumers can make intelligent decisions. Defendant RAUSCH engaged in false representations and misled Plaintiff in a manner that deprived her of her right to enjoy these benefits. These materially deceptive statements trigger liability under sections 1692e, 1692e(10) and 1692g of the Act.

44. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

45. As an actual and proximate result of Defendants' acts and omissions, Plaintiff has suffered damages, including but not limited to, fear, stress, mental anguish, emotional stress, and acute embarrassment for which she should be compensated in an amount to be proven by a jury at trial.

### III. CLASS ACTION ALLEGATIONS

46. Plaintiff brings this action on her own behalf and on behalf of all others similarly situated pursuant to Fla. R. Civ. P. 1.220. This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of the Rule.

47. The proposed Class is defined as:

> All consumers that were dunned by Defendant in the similar letter series as Plaintiff where Defendant modified its letter and later disclosed it is a law firm and where it did not review the file prior to the sending of the letter, and where the letter did not provide necessary dispute disclosures.

48. Plaintiff reserves the right to modify or amend the definition of the proposed Class before the Court determines whether certification is appropriate.

49. There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether Defendants violated the FCCPA and/or the FDCPA.

50. The members of the class are unsophisticated consumers, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

51. Courts apply the Least Sophisticated Consumer standard when evaluating collection attempts, such as those Defendants made.

52.     Plaintiff does not currently know the exact number of Class Members or their identities because such information is in Defendants' exclusive control and can only be ascertained by review of its records. However, Plaintiff believes that there are hundreds and perhaps thousands of Class Members. The Class Members are sufficiently numerous and geographically dispersed; therefore, joinder of all Class Members is impracticable.

53.     Plaintiff's claims are typical of the Class.

54.     The factual basis of Defendants' misconduct is common to all Class Members and resulted in injury to all Class Members.

55.     There are numerous questions of law and fact common to the Class and those common questions predominate over any questions affecting only individual Class Members.

56.     A class action is superior to other methods for the fair and efficient adjudication of this controversy. Treatment as a class action will permit many similarly situated persons to adjudicate their common claims in a single forum simultaneously, effectively, and without the duplication of effort and expense, and risk of inconsistent rulings that numerous individual actions would cause. Class treatment will also permit the adjudication of small claims by Class Members who otherwise might not be able to afford to litigate their claims individually. This class action presents no difficulties in management that would preclude maintenance as a class action.

57.     This forum is particularly desirable for the prosecution of this class action because Defendants specifically targets Florida consumers, and the lead Plaintiff is domiciled in Florida.

58.     Litigating on a class action basis in this forum will decrease the cost of discovery and prosecution.

59.     Plaintiff has suffered the harm alleged on behalf of the Class and has no interests antagonistic to the interests of any other Class Members. She is committed to the prosecution of

this action and has retained counsel experienced in the prosecution of class actions and complex commercial actions. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class Members. Plaintiff is not aware of any other pending litigation concerning this controversy that involves Class Members.

60. Finally, the Class is readily definable, and Defendant RAUSCH's records exist in its files as to the class members.

### COUNT I – Violations of the FCCPA (Brought by Plaintiff on Behalf of herself and the Members of a Class, Against Defendants)

61. Plaintiff adopts and incorporates the allegations in Paragraphs 1-57.

62. This cause of action is brought on behalf of Plaintiff and the class members.

63. The class consists of all persons whom Defendants' records reflect resided in the State of Florida and who were sent a collection letter in substantially the same form letter as the Letter sent to Plaintiff on or about December 1, 2021 (Exhibit "A"); and (a) the collection letter was sent to a consumer seeking payment of an alleged personal debt owed to Defendant DISCOVER; (b) the collection letter was not returned by the postal service as undelivered; (c) and Plaintiff asserts that the Letter contained violations of Fla. Stat. § 559.72(7) and (11) *inter alia* for abusing and harassing Plaintiff and for sending a letter not properly sent from a law firm with the file having been reviewed by an attorney.

64. Plaintiff and the Class Members are entitled to damages in accordance with the FCCPA because Defendant violated the FCCPA.

65. Pursuant to Fla. Stat. § 559.77(2), Plaintiff is entitled to recover her reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff respectfully demands the entry of preliminary and permanent

injunctive relief and entry of judgment against Defendants, awarding Plaintiff and the class members damages as follows:

    a. Statutory damages provided under the Fla. Stat. § 559.77.

    b. Attorney fees and costs incurred in bringing this action as provided by statute; and

    c. Any other relief that this Court deems appropriate and just under the circumstances.

**COUNT II – Violations of the Fair Debt Collection Practices Act (Brought by Plaintiff on Behalf of Herself and the Members of a Class, Against Defendant RAUSCH)**

66. Plaintiff adopts and incorporates the allegations in Paragraphs 1-57.

67. This cause of action is brought on behalf of Plaintiff and the class members.

68. The class consists of all persons whom Defendant's records reflect resided in the State of Florida and who were sent a collection letter in substantially the same form as the Letter (Exhibit "A") sent Plaintiff.

    a. the collection letter was sent to a consumer seeking payment of a personal debt owed to Discover Card; and (b) the collection letter was not returned by the postal service as undelivered;

    b. Plaintiff asserts that the Letter contained violations of 15 U.S.C. §§ 1692e, 1692e(3), 1692e(10) and 1692g.

69. Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

70. Plaintiff and the Class Members are entitled to damages in accordance with the Fair Debt Collection Practices Act because Defendant violated the Fair Debt Collection Practices Act.

    WHEREFORE, Plaintiff respectfully demands the entry of preliminary and permanent

injunctive relief and entry of judgment against Defendant RAUSCH, awarding Plaintiff and the class members damages as follows:

    d. Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

    e. Attorney fees and costs incurred in bringing this action as provided by statute; and

    f. Any other relief that this Court deems appropriate and just under the circumstances.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial on all issues so triable.

DATED: June 24, 2022

                                                                 LEVY & PARTNERS, PLLC
                                                                  *Attorneys for Plaintiff and Plaintiff Class Members*
                                                                  3230 Stirling Road, Suite 1
                                                                  Hollywood, Florida 33021
                                                                  (954) 727-8570 – Telephone
                                                                  (954) 241-6857 – Facsimile
                                                                 Primary – omar@lawlp.com
                                                                 Secondary – claudia@lawlp.com
                                                                 Secondary – maritza@lawlp.com

                                                                 **By: /s/ Omar M. Salazar II**
                                                                      OMAR M. SALAZAR II, ESQ.
                                                                      Fla. Bar No.: 0106175
                                                                      ELY R. LEVY, ESQ.
                                                                      Fla. Bar No.: 15452

[CONTINUED ON NEXT PAGE]

## **SERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on June 24, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM / ECF.  I also hereby certify that a true and correct copy of the foregoing has been sent to the parties listed below either via transmission of Notices of Electronic Filing generated by CM / ECF or other authorized manner if not authorized to receive Notices of Electronic Filing.

      **By: /s/ Omar M. Salazar II**
      Omar M. Salazar II, Esq.

## **SERVICE LIST**

**LAUREN M. BURNETTE, ESQ.,**
**JOHN M. MAREES II, ESQ., and**
**JOSEPHE ENDICOTT, ESQ.**
MESSER STRICKLER BURNETTE, LTD.
12276 San Jose Blvd.
Suite 718
Jacksonville, Florida 32223
    lburnette@messerstrickler.com
    jmarees@messerstrickler.com
    mwalsh@messerstrickler.com
    jendicott@messerstrickler.com

*Counsel for Defendant*